FILED

2017 DEC 20 AM 11: 39

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ANGELINA STRAWDER,  )
                    )  Case No.:
        Plaintiff,  )
                    )  2:17-cv-704-FtM-29CM
    v.              )
                    )  COMPLAINT AND DEMAND
CAPITAL ONE,        )  FOR JURY TRIAL
                    )
        Defendant.  )

## COMPLAINT

ANGELINA STRAWDER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE ("Defendant"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4.  Defendant conducts business in the State of Florida and as such, personal jurisdiction is established.

5.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.  Plaintiff is a natural person residing in Fort Myers, Florida 33905.

7.  Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.  Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9.  Defendant is a corporation that has its mailing address located at 1680 Capital One Drive, Mclean, VA 22101.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number that she has had for at least two years.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning in or around summer 2015 and continuing through in or about early 2017, Defendant called Plaintiff repeatedly on her cellular telephone.

16. When contacting Plaintiff, Defendant called Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

17. Plaintiff knew that Defendant was calling her using an automated telephone dialing system as she was routinely greeted by a recording prior to connecting to one of Defendant's live agents.

2

PLAINTIFF'S COMPLAINT

18. Defendant's telephone calls were not made for "emergency purposes."

19. Desiring to stop Defendant's excessive daily calls, Plaintiff spoke with Defendant shortly after calls began and told Defendant to stop calling her, thereby revoking any consent Defendant may have had to call Plaintiff on her cellular telephone.

20. Once Defendant was informed that its calls were unwanted and to stop calling, all further calls could only have been made solely for the purposes of harassment.

21. Rather than restricting its calls to Plaintiff's cellular telephone, Defendant proceeded to ignore Plaintiff's revocation and subsequent demands to stop calling her cellular telephone and continued to call her through early 2017.

22. Exasperated and annoyed by Defendant's failure to stop calling her cell phone, Plaintiff downloaded a blocking application onto her cellular telephone as a means to stop these harassing calls.

23. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system and automatic and/or pre-recorded messages.

26. Defendant's calls to Plaintiff were not made for "emergency purposes."

27. Defendant's calls to Plaintiff, on and after summer 2015, were not made with Plaintiff's prior express consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

33. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff between December 2015 and early 2017, calling over and over again despite knowing its calls were unwanted.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ANGELINA STRAWDER, respectfully prays for a judgment as follows:

   a. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

   b. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

   c. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

   d. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

   e. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

   f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

   g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANGELINA STRAWDER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: December 14, 2017

Amy L. Bennecoff Ginsburg, Esq.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT